José Nine, Plaintiff and Appellee, *v.* José Avilés et al., Defendants and Appellants.

No. 7419. Argued January 19, 1938.—Decided July 13, 1938.

*Virgilio Brunet* for appellants. *Pascasio Fajardo Martínez* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

The determination of what is the proper remedy by which to set aside a fraudulent conveyance has sometimes been a source of confusion among the members of the bar. Actions for nullity or rescission have been indistinctly used for the purpose. Our Civil Code, in section 1243 (1930 ed.), has expressly set up the rescissory action, when it provides:

"Section 1243. The following may be rescinded:

"1. \* \* \* \* \* \* \*

"2. \* \* \* \* \* \* \*

"3. Those executed in fraud of creditors, when the latter cannot recover, in any other manner, what is due them.

"4 \* \* \* \* \* \* "

In spite of the above provision, the present appeal involves a case in which the complaint was entitled as one for "Nullity." A reading thereof, however, immediately shows that the only purpose of the suit was to set aside some fraudulent conveyances. Under the jurisprudence of this court, the mistaken title of an action is no ground on which to defeat the claim of the plaintiff, if his allegations clearly set up a complete cause of action.

From the pleadings and the evidence the situation seems to be as follows: José Nine, the appellee, had made sporadic loans of money to the spouses José Avilés and María Brunet over a period of time prior to the month of April 1930. Some of it had been paid, but on April 30, 1930, the debtors, who were still owing $230, subscribed a promissory note for that amount to mature two years later, whereunder María Brunet bound herself as, principal and her husband bound himself as surety and principal. The liability undertaken was a joint and several one.

On April 10, 1930, María Brunet and her husband José Avilés, by notarial deed, transferred the title · of a house (according to the present plaintiff their sole capital at that time) to a brother of María Brunet, named Maximino Brunet, for $800, value received before that date. On the following day, Maximino Brunet deeded the same house, by way of gift to his nephews, Jesús and Luis Avilés Brunet, the minor children of the debtors.

Sometime in 1932, José Nine filed suit to recover the $230 above mentioned, obtained judgment in his favor, and executed the same upon the house which he supposed to be owned by the defendants in the suit. After the adjudication, he discovered that the title to the house had been transferred to the minor children of the debtors, as already set forth, and therefore brought the present action to set aside the conveyances as fraudulent.

A motion to strike and a demurrer were overruled, the case went on to trial, and the lower court rendered judgment in the following terms:

"The Court having, on this date, considered the evidence introduced in the present case by the parties, is of the opinion that the law and the facts are in favor of the plaintiff and against the defendants, the spouses José Avilés and María Brunet, Maximino Brunet, and their children Jesús and Luis Avilés y Brunet, and therefore adjudges that the deed executed on April 10, 1930, whereby the spouses José Avilés and María Brunet sold to codefendant Maximino Brunet the house in litigation, to be legally null and void.

" * * * * * * *

"It likewise adjudges the other deed executed on April 11, 1930, whereby Maximino Brunet donated the said house to codefendants Jesús and Luis Avilés y Brunet who were minors at the time, to be legally null and void, both deeds having been executed before the then notary of this town Emilio Forestier Gregory, with costs, expenses, disbursements and attorney's fees on the defendants."

Appellants assign seven errors. The first of the assignments attacks the overruling of defendants' motion to strike. They rely for their contention upon the theory that certain

paragraphs of the complaint were immaterial and unnecessary for an action of nullity. Inasmuch as we hold that the action in this case should be regarded as one to set aside a fraudulent conveyance (and thus, rescissory) the first assignment loses its force. The paragraphs attacked were quite proper in a complaint for the rescission of a conveyance alleged to be in fraud of creditors.

The second assignment is the most important. The precise question involved turns upon the disposition of defendants' demurrer. This contained three grounds: (a) too many parties defendant, (b) ambiguity and uncertainty of the eighth allegation of the complaint, and (c) failure to state a cause of action. The lower court overruled all of them. Considering the ultimate object of the suit, each and every transferee of the house was a proper if not a necessary party defendant. About the eighth paragraph, especially as the error was not well assigned, we hold it is sufficiently clear when read in connection with other paragraphs of the complaint, especially the fourth.

Let us then consider the allegations of the complaint in order to determine whether they are sufficient to set up a cause of action. As has already been said, the action should be considered as one looking toward the setting aside of a fraudulent conveyance.

The second paragraph of the complaint sets up a debt of $230 by the defendant spouses Avilés-Brunet. The third describes how this debt was incorporated into a promissory note on April 30, 1930. The fourth and fifth paragraphs relate the details of an action to recover on the note, the subsequent judgment in favor of José Nine, and how the judgment was executed on a house of the defendants and adjudicated to the plaintiff. The seventh paragraph identifies each of the defendants (present appellants) and recites their consanguinal relationship. In addition thereto it avers that "the said Maximino Brunet was, on April 10, 1930, insolvent and his earnings as a barber were hardly sufficient

to support him, and that the whole capital of the defendant spouses consisted of the house already described, and moreover that the said minors did not own property or receive income of any kind and depended for their maintenance on the work of their aforesaid parents.''

In the last paragraph of the complaint the plaintiff alleges that the defendants conspired among themselves to prevent the collection of the $230 owing before April 1930, and to accomplish this executed a fictitious deed of sale from the spouses Avilés-Brunet to Maximino Brunet, who was the brother of Mrs. Avilés, for a recited consideration of $800, and on the very next day Brunet donated the house to the minor children of his transferors. Plaintiff closes the averment by stating that the above transactions rendered the judicial adjudication of the house in his favor, worthless, ''to the prejudice of the plaintiff's right and interest.''

The prayer for relief seeks to have the above transfers of sale and donation annulled.

In the case of *Succession of Almazán* v. *López et al.*, 20 P.R.R. 502, we declared that in an action of the nature of the one brought in this case the complaint should set up:

''(a) That the defendant is really the plaintiff's debtor; (b) that the defendant alienated his property in fraud of his creditors; (c) that the plaintiff has been injured by such alienation; (d) that the plaintiff has no other remedy at law to obtain reparation for the injury suffered than that of seeking the rescission of the contract of alienation.''

The relationship between the parties, insolvency of the debtor or of his transferee etc. are all circumstances which may be proved to support the fraudulent nature of the transactions. The allegations of the complaint now before us sufficiently set up requirements (a), (b) and (c), *supra*. It is with regard to (d) that a serious doubt arises. Plaintiff, it is true, states that the sole capital of defendants José Avilés and María Brunet, at the time of the transfer to Maximino Brunet, i. e., on April 10, 1930, consisted of the

house in question. He likewise alleges that the adjudication in execution of the judgment for $230 which he obtained in 1933, was rendered worthless by such previous conveyances. Are these alleged facts sufficient to show that the plaintiff "cannot recover, in any other manner, what is due him" as section 1243 of the Civil Code requires? It is not expressly averred that the debtors, in March 1934, when this action was filed, possessed no other property, nor that the plaintiff had no other means of recovering what was due him. A mere hardship on the creditor is not enough.

The case of *Texas Co. (P.R.) Inc.* v. *Estrada,* 50 P.R.R. 709, contains an extensive discussion of the necessary allegations and evidence in a rescissory action of this nature. The case under consideration has some analogies with the one cited. In both cases there was an attempt to rely strongly on the close kinship between the debtor and his transferee. Although, as *The Texas Co.* case says, this is a suspicious circumstance which together with others may be considered to show the existence of fraud, it is not sufficient in itself to establish that fact. The above case ratifies the rule set down in the *Almazán* case, *supra,* when it says, at page 717:

" . . . in order that an action of the nature involved in this case may prosper, the plaintiff, that is, the party who alleges fraud, must prove: (a) . . . .; (b) . . . .; (c) . . . .; and (d) that he has no other legal remedy to recover his credit."

After a citation of cases, there follows this statement:

"Neither the allegations of the answer, nor the evidence presented by The Texas Co., fulfill the requirements which we have enumerated. No allegation whatever has been made, nor has any evidence been presented, to the effect that the defendant had no other assets from which the credit of the plaintiff could have been collected."

This last quotation is especially applicable to the situation at bar. The evidence of the plaintiff, has in no way shown that the debtors have no other property upon which the judgment of the plaintiff may be made effective.

Having arrived at the conclusion that the complaint lacks an essential allegation, which deficiency has not been cured by the answer or the evidence, the inevitable result is to decide that the plaintiff has failed to allege or prove facts sufficient to state a cause of action. Consequently the lower court erred in overruling the demurrer on that ground.

It is unnecessary to discuss the other assignments of error.

The judgment of the lower court should be reversed, with costs but without including attorney's fees.

Mr. Justice De Jesús took no part in the decision of this case.